# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
### Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

SEPTEMBER 2022   000622

E-Filing Number: 2209013340

**PLAINTIFF'S NAME**
ANTHONY FAIRMAN

**DEFENDANT'S NAME**
RYDER TRUCK RENTAL

**PLAINTIFF'S ADDRESS**
1111 MEADOWS DRIVE
WILLIAMSTOWN NJ 08094

**DEFENDANT'S ADDRESS**
1450 WARFIELD STREET
PHILADELPHIA PA 19146

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
RYDER TRUCK RENTAL, LT

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
C/O CORPORATE CREATIONS NETWOR 1001 STATE
STREET #1400
ERIE PA 16501

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
RYDER TRUCK RENTAL, INC.

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
C/O CORPORATE CREATI NS NETWOR 1001 STATE
STREET #1400
ERIE PA 16501

**TOTAL NUMBER OF PLAINTIFFS**: 1
**TOTAL NUMBER OF DEFENDANTS**: 3

**COMMENCEMENT OF ACTION**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 08 2022
I. LOWELL

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

## TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTHONY FAIRMAN
Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
CRAIG A. FALCONE

**ADDRESS**
SACCHETTA & FALCONE
308 EAST SECOND STREET
MEDIA PA 19063

**PHONE NUMBER**: (610)891-2797
**FAX NUMBER**: (610)891-8421

**E-MAIL ADDRESS**: caf@sacchettafalcone.com

**SUPREME COURT IDENTIFICATION NO.**: 90730

**SIGNATURE OF FILING ATTORNEY OR PARTY**
CRAIG FALCONE

**DATE SUBMITTED**
Thursday, September 08, 2022, 12:48 pm

FINAL COPY (Approved by the Prothonotary Clerk)

| | |
|---|---|
| CRAIG A. FALCONE, ESQUIRE<br>Attorney I.D. No. 90730<br>SACCHETTA & FALCONE<br>308 East Second Street<br>Media, PA 19063<br>(610) 891-2797 | *This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.* 08 SEP 2022 12:58 pm<br><br>Attorney for plaintiff |

| | |
|---|---|
| ANTHONY FAIRMAN<br>1111 Meadows Drive<br>Williamstown, NJ 08094<br>        *Plaintiff*<br>  v.<br><br>RYDER TRUCK RENTAL<br>1450 Warfield Street<br>Philadelphia, PA 19146<br>    and<br>RYDER TRUCK RENTAL, LT<br>c/o Corporate Creations Network Inc.<br>1001 State Street #1400<br>Erie, PA 16501<br>    and<br>RYDER TRUCK RENTAL, INC.<br>c/o Corporate Creations Network Inc.<br>1001 State Street #1400<br>Erie, PA 16501<br>        *Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Case ID: 220900622

**AGENCIES THAT MAY OFFER LEGAL SERVICES TO
ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telef.: [215] 238-1701

CRAIG A. FALCONE, ESQUIRE
Attorney I.D. No. 90730
SACCHETTA & FALCONE
308 East Second Street
Media, PA 19063
(610) 891-2797

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

ANTHONY FAIRMAN
1111 Meadows Drive
Williamstown, NJ 08094

    Plaintiff

v.

RYDER TRUCK RENTAL
1450 Warfield Street
Philadelphia, PA 19146
    and
RYDER TRUCK RENTAL, LT
c/o Corporate Creations Network Inc.
1001 State Street #1400
Erie, PA 16501
    and
RYDER TRUCK RENTAL, INC.
c/o Corporate Creations Network Inc.
1001 State Street #1400
Erie, PA 16501

    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA
CIVIL ACTION - LAW

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Anthony Fairman, by and through his attorney, Craig A. Falcone, Esquire, and avers as follows:

1. Plaintiff, Anthony Fairman, is an adult individual residing at 1111 Meadows Drive, Williamstown, NJ 08094.

2. Defendant, Ryder Truck Rental, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Pennsylvania with a place of business located at 1450 Warfield Street,

Case ID: 220900622

Philadelphia, PA 19146. Defendant, Ryder Truck Rental, regularly conducts business in Philadelphia County.

3. Defendant, Ryder Truck Rental, LT, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Pennsylvania with a place of business located at c/o Corporate Creations Network Inc., 1001 State Street #1400, Erie, PA 16501. Defendant, Ryder Truck Rental, LT, regularly conducts business in Philadelphia County.

4. Defendant, Ryder Truck Rental, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Pennsylvania with a place of business located at c/o Corporate Creations Network Inc., 1001 State Street #1400, Erie, PA 16501. Defendant, Ryder Truck Rental, Inc., regularly conducts business in Philadelphia County.

5. On or about March 28, 2021, plaintiff, Anthony Fairman, was unloading a delivery truck when he was caused to fall as a result of a dangerous and defective condition of the delivery truck.

6. On the aforementioned date, plaintiff was injured while using a defective bumper on a Samuel & Sons Seafood truck, sold, designed, marketed, manufactured, leased and/or assembled by defendants, which was defective and failed to conform to proper standards resulting in severe injury to plaintiff.

7. At all relevant times thereto, Defendants were responsible for the inspection, repair and maintenance of the vehicle involved in the incident.

8. At all relevant times thereto, Defendants were responsible for owning, possessing, maintaining and controlling the vehicle involved in the incident.

9. The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

## COUNT I

### Plaintiff, Anthony Fairman v. All Defendants

### NEGLIGENCE

10. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

11. The incident and resulting injuries to plaintiff were caused by the negligence of defendants, acting by and through their agents, servants, workmen and employees.

12. Such negligence and carelessness consisted of the following:

    (a) failing to properly manufacture, assemble, lease, sell, maintain, repair or inspect the truck;

    (b) designing or utilizing defective designs and/or procedures for the manufacture, assembly, lease and sale of the truck;

    (c) manufacturing, assembling, leasing, selling, maintaining, repairing or inspecting the truck and/or its component parts which they knew, or should have known, was in a defective condition;

    (d) ignoring evidence and facts about the dangerous conditions of the bumper/step when used in a reasonably foreseeable manner;

    (e) allowing the truck to be sold/leased in a defective condition;

    (f) failing to properly equip the bumper/step with appropriate safety devices to permit it to be used safely;

    (g) failing to offer devices or products so as to make the bumper/step safe for

use;

(h) failing to inspect and remediate a dangerous and defective bumper/step and its use;

(i) failing to adequately inform or warn purchasers or ultimate users of the bumper/step as to the proper procedures for maintaining the bumper/step;

(j) failing to adequately inform or warn purchasers or ultimate users of the bumper/step as to the proper procedures for repairing the bumper/step;

(k) failing to warn the user of the bumper/step of its inherent design defects;

(l) failing to warn about the hazards and dangers associated with the bumper/step;

(m) failing to properly manufacture the bumper/step;

(n) placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(o) placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

(p) failing to inspect the bumper/step properly prior to sale, rental or lease; and

(q) failing to properly manufacture, design and/or sell the bumper/step with appropriate safety features;

(r) failing to discover the bumper/step defective condition and/or design;

(s) designing, manufacturing, assembling, installing, and/or selling, the bumper/step in conjunction with its component parts which they knew or should have known, was in a defective condition.

(t)     creating a dangerous and/or defective condition of the bumper/step;

(u)     failing to properly inspect, maintain and repair the bumper/step in a safe condition; and

(v)     Defendants were otherwise negligent under the circumstances.

13.     The injuries and damage to plaintiff were caused by the negligence of the agents, employees and/or servants of defendants.

14.     Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to his neck and back, requiring surgery.

15.     As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future.

16.     As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

17.     As a result of his injuries, plaintiff has suffered a permanent disability and permanent impairment of his earning power and capacity.

18.     As a result of his injuries, plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

19.     As a result of his injuries, plaintiff has been forced to incur and may in the future incur medical expenses and income loss.

20.     As a result of his injuries, plaintiff has incurred and will in the future incur unreimbursed wage losses.

21.     As a direct result of the injury, plaintiff has been prevented from attending to his

usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II

### Plaintiff, Anthony Fairman v. All Defendants

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

22. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

23. The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the bumper/step at issue, either by virtue of its defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

24. The defective bumper/step involved in the accident described above was defective for its foreseeable use and purpose.

25. The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective bumper/step involved in the accident.

26. The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's

expectation.

WHEREFORE, plaintiff demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT III

### Plaintiff, Anthony Fairman v. All Defendants

### BREACH OF WARRANTY

27. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28. At the time that they sold the defective bumper/step at issue and/or its component parts, defendants were in the business of manufacturing and marketing bumper/step and/or their component parts and were, with respect to this bumper/step and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

29. The injuries and damages sustained by plaintiff were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with its sale/lease of the defective bumper/step and/or its component parts.

30. Defendants impliedly warranted that the bumper/step was of merchantable quality and was fit for the purpose and use for which it was intended.

31. Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

32. By reason of the defective condition aforementioned, the bumper/step was not of merchantable quality and was not fit for their intended use.

33. Defendants breached the implied warranty of fitness and/or merchantability with

respect to the bumper/step by designing, manufacturing, selling, and/or leasing it in a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

SACCHETTA & FALCONE

By: _____
CRAIG A. FALCONE, ESQUIRE
Attorney for plaintiff

# VERIFICATION

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

ANTHONY FAIRMAN
_____
SIGNATURE

DocuSign Envelope ID: 79B85706-0EAE-4640-95EA-8D9951924